
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CR-173-BO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL INFORMATION |
| ) | |
| MICHON RAQUEL GRIFFIN ) | |
| ) | |

The United States Attorney charges:

### General Allegations

At all times relevant to the Information:

1. Defendant MICHON RAQUEL GRIFFIN was an individual residing in Raleigh, North Carolina.

2. A "romance scam" is a type of Internet-enabled fraud scheme that occurs when a fraudster adopts a fake online identity to gain a victim's affection and trust. The fraudster then uses the illusion of a romantic relationship to manipulate and exploit the victim for financial gain. The romance scam referred to in this charge was carried out by means of interstate and international wire communications.

3. A "drop account" refers to a bank account used, in whole or in part, to receive, move, process, convert, dispose of, and obscure criminal proceeds.

### Manner and Means of the Scheme

The manner and means used to accomplish the objects and purpose of the conspiracy included, but were not limited to, the following:

4. It was part of the conspiracy that MICHON RAQUEL GRIFFIN opened, maintained, and controlled drop accounts at one or more financial institutions. GRIFFIN maintained the drop accounts in the names of certain business entities, including Payvo Financial, Hypertec, and Oxenta Shipping, even though such business did not conduct genuine business.

5. It was further part of the conspiracy that MICHON RAQUEL GRIFFIN used the drop accounts to collect and transact proceeds originating from a romance scam, as described below.

6. It was further part of the conspiracy that one or more co-conspirators directed the stolen funds derived from a romance scam to be deposited into various drop accounts maintained and controlled by MICHON RAQUEL GRIFFIN, who then converted the stolen funds into crypto currency and wired the funds into accounts controlled by her co-conspirators.

7. It was further part of the conspiracy that MICHON RAQUEL GRIFFIN, converted the stolen funds received from one or more of her co-conspirators in the form of cash, into crypto currency and then wired the funds to accounts controlled by one or more of her co-conspirators.

## COUNT ONE

8. Paragraphs 1. through 7. of this Information are incorporated herein by reference as factual allegations.

9. Beginning in or around 2021, and continuing through in or around at least June, 2023, in the Eastern District of North Carolina, and elsewhere, MICHON RAQUEL GRIFFIN and others, known and unknown to the United States Attorney, did knowingly and intentionally combine, conspire, confederate, and agree with one or more persons, known and unknown, to commit an offense against the United States, that is, to knowingly conduct and attempt to conduct a financial transaction, affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity—namely, wire fraud, in violation of 18 U.S.C. § 1343— knowing that the transaction was designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such transaction knew that the property involved represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT TWO

On or about August 8, 2022, in the Eastern District of North Carolina, the defendant, MICHON RAQUEL GRIFFIN, did willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for calendar year 2021 that was false as to a material matter, which was verified by a written declaration that it was made under penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return falsely failed to report other income, when in fact, the defendant then and there knew that figure was not correct.

Additionally, the defendant failed to report the receipt, sale, exchange, and disposal of any financial interest in any virtual currency when the defendant checked "No" on the Form 1040 Virtual Currency Indicator.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of, or conspiracy to violate, Section(s) 215, 656, 657, 1006, 1007, 1014, 1341, 1343, or 1344 of Title 18 of the United States Code affecting a financial institution, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of the said violation.

The forfeitable property includes, but is not limited to, the following:

Forfeiture Money Judgment:

a) A sum of money representing the gross proceeds of the offense(s) charged herein against MICHON RAQUEL GRIFFIN, in the amount of $300,000.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the

4

intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

MICHAEL F. EASLEY, JR.
United States Attorney

*[signature]*

ETHAN A. ONTJES
Assistant United States Attorney
Criminal Division

DATE: 05/20/2024